**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**NORTHWESTERN DIVISION**

| | |
|---|---|
| SHARON MILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No.:  5:17-cv-00978-LCB |
| | ) |
| SOCIAL SECURITY | ) |
| ADMINISTRATION, | ) |
| COMMISSIONER, | ) |
| | ) |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

On June 9, 2017, Plaintiff,  Sharon Miller, filed a complaint (Doc. 1) seeking

judicial review of an adverse final decision of the Commissioner of the Social

Security Administration ("the Commissioner") pursuant to 42 U.S.C. § 405(g).

On December 1, 2017, Plaintiff filed a brief in support (Doc. 11).  On January 2,

2018, the Commissioner filed a Memorandum in Support (Doc. 12).  Therefore,

this matter is ripe for review.  For the reasons stated below, the final decision of

the Commissioner is affirmed.

## I.    BACKGROUND

On August 14, 2014, Plaintiff filed application for benefits under Title II and

Title XVI of the Social Security Act alleging February 9, 2013, as her onset of

disability.  On February 18, 2016, the administrative law judge ("ALJ"), Patrick R.

Digby, conducted a hearing in Cullman, Alabama. (Tr. 16). Plaintiff, her attorney, and a vocational expert ("VE") were present at the hearing. (*Id*.). On May 4, 2016, the ALJ issued his decision. In doing so, the ALJ engaged in the five-step sequential evaluation process promulgated by the Commissioner to determine whether an individual is disabled. (*Id*. at 16-28). The ALJ made the following findings:

1. Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2015, but not thereafter. (*Id*. at 18).

2. Plaintiff has not engaged in substantial gainful activity since February 9, 2013, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*). (*Id*.).

3. Plaintiff has the following severe impairments: osteoarthritis of the right and left knee, cervical disc disease, and obesity (20 CFR 404.1520(c) and 416.920(c)). (*Id*. at 19).

4. Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926). (*Id*. at 22).

5. Plaintiff has the residual functioning capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) except that the claimant can occasionally lift and carry twenty pounds and frequently ten pounds. She can stand and/or walk for six hours in an eight-hour workday, and sit for six hours in an eight-hour workday. The claimant can occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs. She cannot work on or around ladders, ropes, or scaffolds, dangerous machinery, and unprotected heights. (*Id*. at 22).

6. The claimant is unable to perform her past relevant work as a housekeeper due to her RFC. (*Id.* at 27).

7. The claimant was born on March 28, 1967 and was 45 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963). (*Id*.).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964). (*Id*.).

9. Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled (20 CFR 404.1568 and 416.968). (*Id*.).

10. Considering the claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)). (*Id*.).

11. The claimant has not been under a disability, as defined in the Social Security Act, from February 9, 2013, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)). (*Id*. at 28).

Plaintiff requested an appeal to the Appeals Council, which denied her request for review on August 14, 2014. (Tr. 1). At that point, the ALJ's decision became the final decision of the Commissioner. *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015). Plaintiff then filed this action on June 9, 2017. (Doc. 1).

## II. DISCUSSION

The Social Security Act authorizes payment of disability insurance benefits and supplemental social security income to persons with disabilities. 42 U.S.C. §§ 423, 1381 (2012). The law defines disability as the "inability to do any substantial gainful activity by reason of any medically determinable physical or mental

impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. §§ 404.1505(a), 416.905(a).[1]

## A. Standard of Review

The Court must determine whether the Commissioner's decision is supported by substantial evidence and whether the correct legal standards were applied. *Winschel v. Comm'r of Social Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* (internal citation and quotation marks omitted). "This limited review precludes deciding the facts anew, making credibility determinations, or re-weighing the evidence." *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). Thus, while the Court must scrutinize the record as a whole, the Court must affirm if the decision is supported by substantial evidence, even if the evidence preponderates against the Commissioner's findings. *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264 (11th Cir. 2015); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

## B. Five-Step Sequential Evaluation

---

[1] On January 18, 2017, the Social Security Administration significantly revised its regulations regarding the evaluation of medical evidence to determine a disability; those new regulations became effective on March 27, 2017. The Court, however, must apply the regulations in effect at the time that the ALJ entered his decision. *See Ashley v. Comm'r, Soc. Sec. Admin.*, 707 F. App'x 939, 944 n.6 (11th Cir. 2017) ("We apply the regulations in effect at the time of the ALJ's decision."). Because the ALJ entered his decision on May 4, 2016, the Court will apply the regulations in place at that time.

The Social Security Administration has promulgated regulations that set forth a five-step sequential evaluation process that an ALJ must follow in evaluating a disability claim. 20 C.F.R. §§ 404.1520, 416.920. In summary, the evaluation proceeds as follows:

1. Is the claimant engaged in substantial gainful activity? If the answer is "yes," the claimant is not disabled. If the answer is "no," proceed to the next step. *Id.*

2. Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significant limits his or her ability to perform basic work activities? If the answer is "no," the claimant is not disabled. If the answer is "yes," proceed to the next step. *Id.*

3. Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within 20 C.F.R. Part 404, Subpart P, Appendix 1? If the answer is "yes," the claimant is disabled. If the answer is "no," proceed to the next step. *Id.*

4. Does the claimant have the RFC to return to his or her past relevant work? If the answer is "yes," then the claimant is not disabled. If the answer is "no," proceed to the next step. *Id.*

5. Even if the claimant cannot perform past relevant work, does the claimant's RFC, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy? If the answer is "yes," the claimant is not disabled. If the answer is "no," the claimant is disabled. *Id.*

The claimant bears the burden of proof with respect to the first four steps. *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1359 (11th Cir. 2018). The burden then shifts to the Commissioner at the fifth step to prove the existence of

jobs in the national economy that the claimant is capable of performing; however, the burden of proving lack of RFC always remains with the claimant. *Id.*

## C.    Plaintiff's Allegations

Plaintiff alleges in her complaint that the ALJ's finding of not disabled is erroneous for the following reasons:

1. The finding of the ALJ that the Plaintiff was not disabled was not based upon substantial evidence;

2. The findings of fact were not sufficient to resolve the crucial legal issues; and

3. The correct legal standards were not applied in determining the ultimate issue. (Doc 1, p. 2).

The crux of Plaintiff's argument is that the ALJ failed to properly evaluate the credibility of the Plaintiff's complaints of pain. Central to this issue is the ALJ's determination that:

> . . . claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision. While the allegations regarding the nature of these symptoms are found to be supported within the medical evidence in the file, the contentions regarding the severity of, and the related functional restrictions, are not fully supported.

(Tr. 23). In her brief, Plaintiff asserts that the ALJ failed to articulate the reasons for his decision. (Doc. 11, p. 4). In addition, Plaintiff argues that the ALJ only

considered isolated treatment records and failed to properly consider the entire medical record. (*Id*. at p. 6). The Court disagrees.

Where a claimant attempts to establish disability, in part, based on subjective complaints of pain and other symptoms, she must show (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain arising from that condition; or (b) that the objectively determined medical condition is of such severity that it can reasonably be expected to give rise to the claimed pain. *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002); 20 C.F.R. §§ 404.1529(a), 416.929(a). If the objective medical evidence does not confirm the severity of the alleged pain, but indicates that a medically determinable impairment could reasonably be expected to produce the alleged symptoms (*i.e*., 2(b)), the ALJ must evaluate the intensity and persistence of the claimant's symptoms and the extent to which they limit the claimant's capacity for work. 20 C.F.R. §§ 404.1529(c), 416.929(c). In doing so, the ALJ must necessarily make credibility determinations regarding a claimant's reports of pain or other symptoms; if the ALJ discredits a claimant's subjective testimony, he must articulate his reasons for doing so. *Wilson*, 284 F.3d at 1225.

In evaluating the intensity and persistence of a claimant's symptoms, the ALJ will consider information submitted about same, including the individual's daily activities; location, duration, frequency, and intensity of the pain or other

symptoms; precipitating and aggravating symptoms; type/dosage, effectiveness, and side effects of any medication taken to alleviate the symptoms; treatment, other than medication, the claimant has received for relief of pain or other symptoms; other measures used to relieve the symptoms; and any other factors concerning functional limitations and restrictions due to pain or other symptoms. SSR 96-7p, 1996 WL 374186 at *2.

In *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014), the court discussed credibility determinations as follows: "We have held that credibility determinations are the province of the ALJ, *Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005), and we will not disturb a clearly articulated credibility finding supported by substantial evidence, *Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995) . . . 'there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision . . . is not a broad rejection which is not enough to enable [a reviewing court] to conclude that the ALJ considered [the claimant's] medical condition as a whole.' *Dyer*, 395 F.3d at 1211 (quotation and brackets omitted)." *See also Brito v. Comm'r, Soc. Sec. Admin.*, 687 Fed. Appx. 801, 803, (11th Cir. 2017).

In the case at bar, the ALJ considered the evidence of the case as a whole. In doing so, the ALJ pointed out numerous instances where Plaintiff's testimony regarding the claimed intensity and persistence of her alleged symptoms was

inconsistent with her level of functioning. For example, the ALJ noted that Plaintiff submitted a function report on September 2, 2014, describing her daily activities as primary custodian for her 4-year old grandson, assisting her mother (who is disabled) with daily activities, driving, cooking, cleaning, doing laundry, bathing, grocery shopping, and sufficiently handling her activities of daily living and finances, all without assistance. (Tr. 23, 261-68). During her testimony at the social security hearing, Plaintiff confirmed these activities, but sought to downplay her level of participation to the point that her testimony became questionable and unreliable. For instance, during the hearing Plaintiff testified that she had been primary custodian of her grandson for the past two years; that she had never taken him to a park or a movie; that she never dressed him or helped him get ready for school; that she never bathed him; and that she never carried or lifted him. (Tr. 33-75). Plaintiff also testified that she drives about 20 miles a week; that she provides care for her mother by driving to get her medication; she drives to her grandson's school; and drove to the social security hearing. (Tr. 26, 33-75).[2] In sum, the ALJ found that her level of participation in the aforementioned activities is inconsistent with her testimony at the hearing that she could hardly walk because of back and knee pain (at a level of 8 out of 10) and that she must lie down for 6-7

---

[2] The ALJ notes that "[d]riving is consistent with the ability to perform sequential postural maneuvers to enter and exit a vehicle, with good use of both hands, with operating some hand and foot controls, with good ability to maintain attention and concentration and with the ability to exercise judgment." (Tr. 26).

hours a day.  (Tr. 25, 47).[3]

Further, the ALJ supported his findings with substantial evidence by citing numerous instances where the medical evidence did not support her testimony. Plaintiff claims to have difficulty walking; however, medical evidence regarding treatment for her knees showed successful surgery and physical therapy; that she was ambulating without an assistive device; and that she had a steady gait on numerous occasions.  (Tr. 23, 24, 413-15, 528-43, 581, 594).  Plaintiff complained of severe pain as a result of degenerative disc disease and severe stenosis in her neck; however, medical records from her local medical clinic showed that she was treated conservatively and that her condition was stable and without pain.  (Tr. 527-47).  Last, Plaintiff alleged difficulty using her hands and/or holding things; however, the ALJ found that:  ". . .she smoked cigarettes up to a few weeks prior to the hearing and used a cigarette lighter.  She can dress and tie her shoes, she can cook and drive all of which require good dexterity of the hands. She was described as having only a 'mild' decrease in grip strength. . ." (Tr. 26, 422-27).

Finally, contrary to Plaintiff's assertions, the ALJ did consider the longitudinal treatment record, as noted above.  The ALJ did not, as Plaintiff argues,

---

[3] Courts have upheld an ALJ's adverse credibility determination when it was based in part on the claimant's ability to perform limited household chores.  See, e.g., *Pennington v. Comm'r of Soc. Sec.*, 652 F. App'x 862, 872–73 (11th Cir. 2016) ("Moreover, an ALJ properly may rely on a claimant's daily activities in making credibility determinations."); *Parks v. Comm'r of Soc. Sec.*, 353 F. App'x 194, 197 (11th Cir. 2009) ("The ALJ expressly based the credibility determination on Parks' ability to take care of her personal needs, including errands, driving, and attending church, and the fact that her medication was controlling her pain. The record supports the ALJ's conclusion because it shows Parks was able to cook, clean, run errands, drive, and attend church weekly. Additionally, medical evidence shows Parks' medication reasonably controlled her pain.").

pick and choose records to support his conclusion; rather a review of the relevant medical records supports the ALJ's conclusion that, while there are medical conditions that would contribute to pain it is not to the degree or extent that Plaintiff alleges. The fact that Plaintiff can point to other evidence supporting her allegations of disabling pain does not mean that the ALJ's credibility determination was not supported by substantial evidence. Therefore, the Court finds no error here.

## III.   CONCLUSION

For these reasons, and the Court otherwise being otherwise sufficiently advised, it is ORDERED that the final decision of the Commissioner is AFFIRMED.  A final judgment will be entered separately.


**DONE** this December 14, 2018.

_____

**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE